# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSIAH STONE,<br>　　　　Plaintiff,<br><br>v.<br><br>BILL AND GINA GARRETT,<br>OLD TIME LIQUOR,<br>BACK STREET LIQUOR,<br>　　　　Defendants. | Case No. CIV-08-388-RAW |

## ORDER & OPINION

The court has received the latest Complaint filed by Josiah Stone. The court notes that this is one of four (4) actions Mr. Stone has brought to this court this year. See CIV-08-102 (prisoner civil rights action against the Honorable Rex Earl Starr; James Collins, the Mayor for the City of Stilwell; the Adair County Jail; Jeremy Drain, a Jailer in the Adair County Jail; Sheriff Gerald Coleman; and the City of Stilwell), CIV-08-266 (civil rights action against Elohim, Inc.; the Honorable Rex Earl Starr; Jerry Babbitt; James Collins, the Mayor for the City of Stilwell; and the Honorable Jeffrey Payton), and CIV-08-354 (removal from state court of an action brought by Jerry Babbitt against Mr. Stone for trespass, ejectment, slander of title and quiet title suit).

Mr. Stone has been involved in several actions in the Adair County District Courts this year as well, most involving the same parties noted above. See SC-2008-270 (small claims action for indebtedness by Mr. Stone against John and Dorcas Millar), SC-2008-271 (small claims action for forcible entry and detainer by Elohim, Inc. and John Miller against Mr. Stone and Emoke Stone), CJ-2008-54 (civil action for trespass by Jerry Babbitt against Mr. Stone), PO-2008-37 (petition for a protective order by Elohim, Inc. c/o Agent John Millar against Mr. Stone), SC-2008-359 (small

claims action for damages by Mr. Stone against Bruce Millar), CF-2008-165 (criminal felony charge against Mr. Stone of four counts, each involving threatening violent acts). As the court has noted before, given the number of actions Mr. Stone has handled on his own this year, he must by now be a seasoned *pro se* litigator. Apparently, Mr. Stone agrees, as he has now brought a new action, this time on behalf of the State of Oklahoma and other individuals.

In his latest Complaint, Mr. Stone alleges that the "liquor stores" unlawfully sold alcohol to "Indians already drunk." He has also sued Bill and Gina Garrett in their capacities as owners of Garrett Mammoth Jackstock. He refers to Bill Garrett as "head jackass of Garrett Mammoth Jackstock Donkeys." He alleges that the Garretts refused to help their employees with alcoholism and mental illness. He alleges that because of the Garretts' failure to properly assist their employees or carry insurance, Ely Smith murdered Mark Fuson and now "Mark is dead and Ely in jail." He claims that Mark and Ely were his dear friends. He demands one million dollars in damages, $500,000.00 from the Garretts and $250,000.00 from each of the liquor stores, and states that the "money will go to victims of crime due to ingesting the drug alcohol. It will also go to educate the Cherokee youth not to drink alcohol."

Plaintiff also filed a motion to proceed *in forma pauperis* [Docket No. 3]. Because the court has previously granted Plaintiff *in forma pauperis* status, the court reluctantly grants it again in this case. The court will not require Plaintiff to pay the filing fee for this action.

This court may *sua sponte* dismiss this action pursuant to 28 U.S.C. § 1915(e)(2) "for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." Zapata v. Public Defenders Office, 252 Fed.Appx. 237, 239-40 (10th Cir. 2007) (quoting Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 920 (2007)). Of course, the court will not dismiss the action unless it is

clear that allowing Plaintiff the opportunity to amend his Complaint would be futile. Id. at 240 (citing Trujillo v. Williams, 465 F.3d 1210, 1214 (10th Cir. 2006)). Also, the court construes liberally the pleadings of all *pro se* litigants. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The court has liberally construed Plaintiff's Complaint and finds that he has failed to state a claim for which relief can be granted. Plaintiff alleges violations of state law. Criminal actions are not brought by individuals, but by the state. Plaintiff alleges violations of state employment law on behalf of other individuals. He has not alleged any personal injuries or damages. Plaintiff has failed to state a claim upon which relief may be granted. Moreover, amendment of this Complaint would be futile. Accordingly, the court hereby dismisses this action.

The court also notes that Plaintiff has come dangerously close to being considered by this court to be in the category of "hobbyist litigators" described in Westridge v. Allstate Ins. Co., 118 F.R.D. 617, 621 (W.D. Ark. 1988). "These lawsuits are not only a nuisance, but they threaten to delay justice for those who should be in federal court and who have legitimate and significant matters to litigate." Id. Plaintiff "has no absolute, unconditional right of access to the courts and no constitutional right to prosecute frivolous or malicious actions." Garrett v. Esser, 53 Fed.Appx. 530, 531 (10th Cir. 2002). Furthermore, the court "may impose restrictions commensurate with its inherent power to enter orders 'necessary and appropriate' in aid of jurisdiction." Id.; 28 U.S.C. § 1651.

If Plaintiff continues to file meritless, frivolous, malicious or abusive complaints in this court, the court will likely restrict his access such that he will not be able to file a complaint unless he is represented by an attorney or first obtains permission from the court to proceed *pro se*. Such restriction will ensure that Plaintiff's filings have merit prior to filing and will preserve judicial

resources for expeditious resolution of legitimate matters.

 IT IS SO ORDERED this 20th day of October, 2008.


**Dated this 20th Day of October 2008.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma